ORAL ARGUMENT HELD APRIL 8, 2013
DECIDED JULY 12, 2013

UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Respondents,<br><br>and<br><br>AMERICAN FOREST & PAPER ASSOCIATION, INC., *et al.*,<br><br>Respondent-Intervenors. | Case No. 11-1101<br>(and consolidated cases) |

**RESPONDENT-INTERVENORS' REPLY IN SUPPORT OF MOTION TO EXTEND THE DEADLINE TO PETITION FOR REHEARING OR, IN THE ALTERNATIVE, TO HOLD CASE IN ABEYANCE**

Movant Respondent-Intervenors[1] respectfully submit this reply in support of their Motion to Extend the Deadline to Petition for Rehearing or, in the Alternative, to Hold Case in Abeyance.  Doc. No. 1462487 (Oct. 22, 2013)

---

[1] The Movant Respondent-Intervenors are American Forest & Paper Association, American Wood Council, Biomass Power Association, Corn Refiners Association, Florida Sugar Industry, National Alliance of Forest Owners, National Oilseed Processors Association, Rubber Manufacturers Association, Treated Wood Council, and Utility Air Regulatory Group.

("Motion"). The Motion requests that the Court extend the deadline (currently, November 14, 2013) for submitting petitions for rehearing and/or rehearing en banc until 30 days after the Supreme Court issues its decision in *Utility Air Regulatory Group v. EPA*, S. Ct. No. 12-1146 (and consolidated cases) ("*UARG*"). Because it is now clear that the request for an extension is unopposed, Respondent-Intervenors respectfully request that the Court promptly grant the extension.

1.      On November 4, 2013, Petitioners filed a Cross-Motion for Immediate Issuance of the Mandate, in Response to Respondent-Intervenors' Motion to Extend the Deadline to Petition for Rehearing or in the Alternative to Hold Case in Abeyance. Doc. No. 1464608 ("Cross-Motion"). In that filing, Petitioners agree that the Supreme Court's decision in *UARG* "could materially affect" the need for and content of any petition for rehearing and state unconditionally that they do not oppose the request to extend the date for filing any such petition. Cross-Motion at 3 ("Petitioners do not oppose a further extension of the deadline for filing such a [rehearing] petition."); *id* at 7, 13.[2]

---

[2] Although Petitioners do not oppose the requested extension, they do oppose Movant-Intervenors' alternative request for an abeyance. Cross-Motion at 3, 7-8. The Motion included the alternative remedy of abeyance only as a matter of the Court's convenience, in the event it preferred that approach to an extension; abeyance is unnecessary, in the view of Respondent-Intervenors, if the requested extension is granted.

2

2. As the Motion states (at 2, 7), Respondents represented that they do not oppose the relief requested in the Motion, and Respondent-Intervenor Renewable Fuels Association represented that it does not oppose the Motion. Accordingly, none of those parties filed a response to the Motion.

3. While noting that they do not oppose the request to extend the deadline for submitting petitions for rehearing, Petitioners have cross-moved for immediate issuance of the mandate.[3] Respondent-Intervenors are reviewing the Cross-Motion and intend to respond within the time allowed by the Court's rules.

4. Because the request for an extension of time to submit petitions for rehearing and/or rehearing en banc is unopposed, Respondent-Intervenors respectfully request that the Court promptly extend the deadline for filing such petitions until 30 days after the Supreme Court issues its decision in *UARG*. Respondent-Intervenors respectfully urge the Court to act quickly by granting the

---

[3] As Respondent-Intervenors explained in the Motion, extending the deadline to submit petitions for rehearing until after the Supreme Court's decision in *UARG* would have the effect of postponing issuance of the mandate pursuant to this Court's Order and applicable rules. *See* Doc. No. 1446226 (directing Clerk to "withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or rehearing en banc."); *see also* Fed. R. App. P. 41(b); D.C. Cir. R. 41. Any decision to alter the Court's Order postponing issuance of the mandate until after the disposition of petitions for rehearing should be deferred until Petitioner's Cross-Motion has been fully briefed and is ripe for decision.

unopposed extension in advance of the current November 14, 2013 deadline for submitting petitions for rehearing.

## Conclusion

For the reasons set forth above and in the Motion, the Court should extend the deadline for filing petitions for rehearing and/or rehearing en banc in these cases until 30 days after the date on which the Supreme Court issues its decision in *UARG*.

Dated: November 6, 2013

/s/ Norman W. Fichthorn
Norman W. Fichthorn
Allison D. Wood
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1500

*Counsel for the Utility Air Regulatory Group*

Respectfully submitted,

/s/ Roger R. Martella
Roger R. Martella, Jr.
Timothy K. Webster
Lisa E. Jones
Joel F. Visser
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000

*Counsel for American Forest & Paper Association, Inc., American Wood Council, Biomass Power Association, Corn Refiners Association, Florida Sugar Industry, National Alliance of Forest Owners, National Oilseed Processors Association, Rubber Manufacturers Association, and Treated Wood Council*

## CERTIFICATE OF SERVICE

I hereby certify that the copies of the foregoing motion were served, this 6th day of November, 2013, through CM/ECF on all registered counsel.

/s/ Timothy K. Webster